■ In the Matter of the Arbitration between KOLLSMAN INSTRUMENT CORPORATION, Respondent-Appellant, and SAL CRIVELLI, as Treasurer of District No. 15, International Association of Machinists, Appellant-Respondent.— In a proceeding pursuant to CPLR 7511 to vacate or, in the alternative, to modify an arbitration award, the parties cross-appeal from a judgment of the Supreme Court, Queens County, entered July 10, 1964, which modified, and as so modified confirmed the arbitrator's award. Judgment reversed on the law, without costs; award vacated; and a hearing *de novo* directed before the same arbitrator at such time and place as may be fixed on 10 days' written notice by the respondent union or by written stipulation of the parties. No questions of fact have been considered. In our opinion, the Justice at Special Term, " being satisfied that the Arbitrator in rendering his award passed upon matters not submitted to him ", was without power to modify such award, to substitute a virtually new and contrary one in its place, and thereupon to " confirm " the award as so " modified." We decide no other question. Christ, Acting P. J., Hill, Hopkins and Benjamin, JJ., concur; Rabin, J., not voting.

■ In the Matter of ELLEN C. PELTZ, Respondent, v. IRVING A. TOPILOW, Appellant.— In a proceeding by a former wife for support of two minor children of the marriage, the father appeals from so much of an order of the Family Court, Nassau County, entered April 26, 1965, as: (1) directs him to pay (a) the sum of $400 per month for the children's support ($200 for each); (b) the sum of $400 to petitioner's attorney as counsel fees; (2) fails to provide that the payments be conditioned on reasonable visitation; and (3) provides for visitation on alternate Saturdays and Sundays. Order modified on the law and the facts by: (1) substituting the figure of $300 instead of $400, and $150 instead of $200, in the first ordering paragraph; and (2) striking out the words " Saturdays and " in the third ordering paragraph (as consented to by petitioner) ; and (3) and adding the following provision following the final word " visitation " in the last ordering paragraph: " and it is further Ordered that the support payments be conditioned on reasonable visitation being made available to the respondent." As so modified, the order, insofar as appealed from, is affirmed, without costs. The findings of fact contained or implicit in the decision of the court below, insofar as such findings may be inconsistent herewith, are reversed, and new findings are made as indicated herein. In our opinion, the amount awarded for the support of the children is excessive in view of the father's income and resources. We are also of the opinion that, although provisions conditioning payment on visitation were agreed upon by both parties and approved by the court, they were inadvertently omitted from the order. Beldock, P. J., Ughetta, Brennan, Rabin and Benjamin, JJ., concur.